**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:24-cv-387-HSO-BWR** |
| | § | |
| | § | |
| **$28,730.00 UNITED STATES** | § | |
| **CURRENCY** | § | **DEFENDANT** |

**DEFAULT JUDGMENT OF FORFEITURE**

Before this Court is Plaintiff United States of America's Motion for Default

Judgment of Forfeiture [10].  Having considered the motion and the relevant

statutes and jurisprudence in this matter, this Court finds that the relief the United

States seeks has merit and should be granted.  This Court further finds and

adjudicates as follows:

1.      On December 30, 2024, the United States filed a Verified Complaint

for Forfeiture *in Rem* [1], alleging that the Defendant Property is subject to

forfeiture under 21 U.S.C. § 881, for violations of 21 U.S.C. §§ 841 (drug trafficking)

and 846 (drug conspiracy).

2.      On December 31, 2024, the Court issued a Warrant of Arrest *in Rem*

[4] for the Defendant Property.

3.      Under Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions, the United States served direct

written notice of this civil asset forfeiture action, including copies of the Verified

Complaint for Forfeiture *in Rem* [1] and Notice of Complaint for Forfeiture [2], to all

1

potential claimants reasonably known to the United States, as evidenced by the United States' Proof of Service [6].

4.    Beginning on January 1, 2025, the United States published for thirty (30) consecutive days on an official government internet website at www.forfeiture.gov, notice of the instant case, as evidenced by the Proof of Publication [7].

5.    The aforementioned publication and direct notices informed Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph Kennard White), and all other persons or entities, known or unknown, having or claiming an interest in the Defendant Property that the Defendant Property had been arrested and that this instant civil forfeiture action was pending.  The publication and direct notices also informed said persons and entities that they had thirty-five (35) days after being sent direct notice or sixty (60) days after the first date of the published notice to file a claim, and twenty (21) days thereafter to file an answer.  Furthermore, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions, and warned that if the Supplemental Rules were not strictly followed, the Court could strike any claim and answer and enter default judgment of forfeiture or summary judgment against any improperly claimed interest in the Defendant Property.

6.    The United States took all reasonable measures to ensure that Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph

Kennard White), and all other possible claimants received such notice in a timely fashion.

7.      As of this date, no claims, answers, or appearances have been filed to assert an interest in the Defendant Property, or to otherwise defend against this instant forfeiture action, by Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph Kennard White), or any other person or entity. Thus, the time pursuant to Supplemental Rule G, for Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph Kennard White), or any other person or entity to file a valid claim and answer in this action has lapsed.

8.      As such, Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph Kennard White), and all other possible claimants are in complete and total default in accordance with Local Uniform Rule G(8)(b) and Federal Rules of Civil Procedure 55(b).[1]  The Clerk of Court's March 4, 2025, Entry of Default [9] was proper; and the United States is entitled to a default judgment of forfeiture against the full interests of Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph Kennard White), and all other persons and entities in the Defendant Property, all without the necessity of further notice to Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph Kennard White), or any other person or entity.

---

[1]  No hearing under Rule 55 of the Federal Civil Rules of Procedure is necessary.  No party has made an appearance by filing a timely claim and answer within the time stated in the direct or published notice.  Therefore, all claims arising afterward would otherwise be untimely.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:

a.     The United States of America is hereby given a default judgment and a complete and final judgment of forfeiture against the full interests of Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph Kennard White), and all other persons and entities in the Defendant Property described below:

| Asset ID | Asset Description |
|----------|------------------|
| 25-DEA-716122 | $28,730.00 U.S. Currency, on Tuesday, October 10, 2024, from Joseph Kennard White, after a traffic stop near 15299 Crossroads Parkway (Starbucks), Gulfport, Mississippi |

b.     Any administrative claims or interests therein of any entities or persons, including Joseph Kennard White, Charlie A. Carr, Esq, (in his capacity as attorney for Joseph Kennard White), and any other possible claimant are hereby canceled.

c.     The Defendant Property is referred to the custody of U.S. Marshals Service and/or the Drug Enforcement Administration for disposition in accordance with the relevant law and regulations.

SO ORDERED AND ADJUDGED, this 5th day of March 2025.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE